UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| THE SEASONS TOWNHOUSES, LP | * | CIVIL ACTION NO. 15-2797 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| BERKADIA COMMERCIAL MORTGAGE, LLC | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pursuant to this court's order [doc. # 16], Defendant Berkadia Commercial Mortgage, LLC ("Berkadia") has submitted an amended notice of removal and accompanying memorandum in support. [docs. # 17, # 18]. Having considered the Defendant's memoranda and the applicable law, the Court now issues this order.

### I. BACKGROUND

On November 5, 2015, Plaintiff filed the instant complaint concerning the interpretation of an insurance provision in a Mortgage Agreement it executed in favor of Central Park Capital, L.P. [doc. # 1-1, p. 1]. US Bank purchased all of Central Park's rights in the Mortgage Agreement and had Defendant, Berkadia, exercise the rights of US Bank in the Mortgage Agreement. *Id.* at 2.

Defendant contends that Plaintiff has failed to provide adequate flood insurance coverage as required by section 1.4(d) of the Mortgage Agreement. [doc. # 18, p. 4]. Defendant argues that it has the right under section 2.1(b) of the Mortgage Agreement to foreclose on the property in order to satisfy the unpaid amount of the note. *Id.* Plaintiff contends that section 1.4(d) of the Mortgage Agreement requires it to obtain insurance coverage in an amount equal to the lesser of

either the unpaid balance of the indebtedness secured by the Mortgage Agreement ($1,006,201.27) or the National Flood Insurance Administration ("NFIA") maximum ($11,500,000). [doc. # 1-1, p. 3]. Defendant has demanded that Plaintiff increase flood insurance coverage limits to the NFIA maximum limit. *Id.* Neither party has identified the difference in premiums costs between the two proposed coverage plans, i.e. what Plaintiff would have to pay if it increased its insurance coverage.

Plaintiff's petition seeks injunctive and declaratory relief based on this obligation to obtain flood insurance for Plaintiff's housing complex. *Id.* at 1. In the alternative, Plaintiff seeks all damages sustained as a result of any actions by Berkadia based on their interpretation of the mortgage provision, including "force placing coverage." *Id.* at 4.

On December 4, 2015, Defendant Berkadia removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. [doc. # 1 (Notice of Removal)]. On February 22, 2016, the court granted Defendant leave of court to file an amended removal petition which affirmatively established diversity jurisdiction. [doc. # 16]. The court observed that Defendant failed to properly establish diversity of citizenship and that the requisite jurisdictional amount in controversy at the time of removal was not satisfied. *Id.* at 2. Accordingly, the court granted Defendant 14 days in which to file an amended notice of removal that redressed these issues. *Id.*

On February 29, 2016, Defendant so complied. [doc. # 17]. On March 7, 2016 Defendant filed a memorandum regarding diversity jurisdiction to supplement its amended notice of removal. [doc. # 18]. Plaintiff filed a memorandum in opposition to removal on the basis of

diversity jurisdiction on March 16, 2016. [doc. # 19]. On March 23, 2016, Defendant, pursuant to another court order [doc. # 20], filed a response in support of its Amended Notice of Removal. [doc. # 21]. The matter is now before the court.

## II.     LAW & ANALYSIS

Where a defendant can show, by a preponderance of the evidence, the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). The defendant can meet its burden if it is "facially apparent" from the petition the claims probably exceed $75,000 or if the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In other words, "'the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

In *Farkas*, the plaintiff sought declaratory and injunctive relief, including a temporary restraining order, to prevent the foreclosure on his properties. *Id.* The Fifth Circuit reasoned "[t]he purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Defendants], establishes the properties as the object of the present litigation." *Id.* Under those circumstances, the court concluded that the value of the property-whether measured by "purchase price, market value, or outstanding principal and interest"—represented the amount

in controversy. *Id.* Because the value of the properties clearly exceeded $75,000, the court concluded subject matter jurisdiction existed. *Id.*

First, Defendant argues that the object of the litigation here is "'the value of the right to be protected' - i.e., Berkadia's right to foreclose in the event of a default so that it may sell the property and obtain the $1,006,201.27 amount due." [doc. 18, p. 4]. The Fifth Circuit has held that the plaintiff-focused approach is the correct approach when there is a dispute regarding the amount in controversy, particularly when a plaintiff is seeking declaratory or injunctive relief, and the amount in controversy might be different from the plaintiff's perspective than from the defendant's. *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962) (the correct perspective for measuring the amount in controversy is "[t]he value to the plaintiff of the right to be enforced or protected."). The value of Defendant's right is inapplicable for determining the amount in controversy.

Next, Defendant contends that the object of the litigation from Plaintiff's perspective is not only the disputed amount of insurance required to be maintained by Plaintiff, but also Plaintiff's injury to be prevented. [docs. # 18, p. 4; # 21, p. 2]. In this action, Plaintiff's petition seeks a preliminary injunction preventing Berkadia from forcing the placing of insurance and a declaration from the court as to the insurance coverage requirement under the Mortgage Agreement. [doc. # 1-1, p. 4]. Additionally, Plaintiff has requested any and all damages it suffers as the result of forced placed coverage or any actions taken by Berkadia based on its incorrect interpretation of the flood insurance provision in the Mortgage Agreement. *Id.* Plaintiff notes that the nature of damages it reserved was for increased premiums and that Defendant has failed to provide any evidence of what the increased premiums might be should Defendant force place

4

coverage. [doc. # 19, p. 1]. Defendant has only presented evidence to support that the amount in controversy requirement is satisfied by the declaratory relief requested.

According to Defendant, if Plaintiff fails to provide adequate flood coverage, Plaintiff is in default and Defendant has the right under the Mortgage Agreement to foreclose on the property in order to satisfy the unpaid amount of the note. [docs. # 18, p. 4; # 21, p. 2; # 21-1, p. 11, 45, 47-48]. Defendant contends that the unpaid balance of the indebtedness secured by the Mortgage Agreement, $1,006,201.27, is the amount Plaintiff stands to lose or the extent of its injury. [doc. # 1-1, p. 2; # 18, p. 7].

If the Defendant's interpretation of the flood insurance provision in the Mortgage Agreement prevails, Plaintiff's failure to acquire adequate insurance coverage would result in default and possible foreclosure. [doc. # 21-1, p. 48]. As noted above, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). The unpaid balance of the Note secured by the Mortgage Agreement is $1,006,201.27, making the value of the injury to be prevented $1,006,201.27 since a declaratory judgment that the current insurance coverage is inadequate could result in foreclosure.

Thus, the object of the litigation here includes the extent of the injury to be prevented, i.e. foreclosure on the property, which satisfies the amount in controversy requirement.[1] Upon review

---

[1] Plaintiff also seeks attorney's fees in this action. [doc. # 1-1, p. 5]. Attorney's fees may be included to determine the amount in controversy when such fees are permitted by contract or a state statute. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citations omitted). No information has been provided to the court as to the amount of attorney's fees that Plaintiff seeks; thus, the court has no monetary amount for attorney's fees that could be added to the value of the object of the litigation to meet the amount-in-controversy requirement. However, should this matter proceed to trial, reasonable attorney's fees would in all likelihood

of the amended pleading, the court finds that Plaintiff's jurisdictional allegations now suffice to establish diversity jurisdiction. 28 U.S.C. § 1332.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 30th day of March 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

exceed the jurisdictional amount.